## FEDERAL OPINIONS

### No. 185
### KIRKPATRICK v. U. S.
U. S. Court of Appeals, 9th Circuit
No. 4198. June 9, 1924.

**313. CRIMINAL LAW**—Statement of theory of prosecution, by court to jury, held immaterial.

**316. CONSPIRACY**—Conspiracy unlawfully to sell intoxicating liquors may be shown without proof of actual sale.

HUNT, Cir. J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Kirkpatrick was indicted for conspiracy to have and possess for sale for beverage purposes, certain intoxicating liquor. The trial court charged the jury that he understood the theory of the government's case to be that of there was a band of bootleggers in Spokane; that they had arranged to have a quantity of liquor shipped from Canada through Sandpoint to Spokane; that Kirkpatrick belonged to another gang of bootleggers at Sandpoint and that he conceived the idea of "hijacking"— that is, arranging with officers to seize the liquor at Sandpoint, and then divide the liquor with them.

"I did not intend to intimate, and now disclaim any intention of intimating that that theory is supported by the evidence. That is a question entirely for you."

The evidence failed to show that there was a band of bootlegers at Spokane or that they arranged the shipment of liquor. There was evidence that Kirkpatrick aided the officers in seizing the liquor at Sandpoint and that he took possession of a quantity of it. There was no proof of a sale of the liquor.

Kirkpatrick being convicted, prosecuted error, contending that the charge of the court was error not cured by the supplement statement. The Circuit Court held:

1. The statement by the Court as to the theory of the government's case was wholly immaterial and was without possible prejudice to Kirkpatrick.

2. The lack of proof of actual sale cannot wipe out the evidence that there was a concerted plan to seize the liquor with intent to sell.

Attorneys—Plummer, Tent and Lowell for Kirkpatrick; E. G. Davis, U. S. Atty., for U.S.

### COMMON PLEAS OPINION
### No. 186
### McDONALD v. PITZ
Common Pleas, Franklin Co.

No.—. Decided Jan. 2. 1924.

**1181. TRADE MARK**—A trade mark cannot be transferred by itself. The good will and business must pass with it, or the transfer is invalid.

SOWERS, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Application for restraining order to prevent defendants from using trade mark known as "Krumm's Best." For many years the Krumm Milling Company on one of its brands of flour used this trade mark. The company became financially embarrassed and went into bankruptcy. The trustee in bankruptcy sold the good will, the corporate name and the records of the Krumm Milling Company to the defendant, Pitz, on October 4, 1922. Prior to that date McDonald began the use of the trade mark upon a brand of flour distributed by him, and on April 24, 1923, registered the trade mark with the Commissioner of Patents at Washington, D. C. The sacks used by both parties upon which the trade name appears are similar in design and appearance. In denying the injunction the court held:

1. That a trade mark is analogous to the good will of a business and where the good will of such business is assigned or sold the trade mark, as a matter of law, goes with the good will.

2. A trade mark cannot be conveyed in gross by an independent transfer without also conveying the business to which the trade mark attaches, and an attempted assignment of a trade mark is void.

3. If suspension of business does not operate as an abandonment of good will or trade mark then the plaintiff has appropriated the trade mark without legal authority, and could not acquire any right to it as the trustee had previously sold the good will with the business to the defendant.

Attorneys—Horace S. Kerr for McDonald; Edwin P. Corbett and John J. Mahoney for Pitz; all of Columbus.